UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HODESS,<br><br>            Plaintiff,<br><br>    v.<br><br>WONG,<br><br>            Defendant. | Case No. 17-cv-03553-HSG<br><br>**ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT**<br><br>Re: Dkt. No. 1 |

This matter is before this Court on appeal from the United States Bankruptcy Court for the Northern District of California (the "bankruptcy court"), pursuant to 28 U.S.C. § 158(a). Plaintiff-Appellants Trico Pipes and Aram Hodess appeal the bankruptcy court's June 5, 2017 order finding the state court judgment debt of Defendant-Appellee Wayne Wong dischargeable. *See* Dkt. No. 4-20. The bankruptcy court concluded that Mr. Wong's debt to Plaintiffs, which resulted from a 2014 state court judgment, was dischargeable under the Bankruptcy Code. *Id*. For the following reasons, the Court AFFIRMS the bankruptcy court's judgment in favor of Mr. Wong.

## I. BACKGROUND

In 2011, Plaintiffs sued Appellee-Defendant Wayne Wong, together with third parties Jianxin Jack Wang and XinRui Lisa Li and several of the corporate entities they operated. Dkt. No. 4-20 at 2; Dkt. No. 4-1, Ex. 1 (superior court judgment). The lawsuit alleged that the defendants, who provided plumbing work on public works projects, violated California prevailing wage law claims by underpaying their employees. Dkt. No. 4-10, Ex. 2 (superior court amended complaint). The lawsuit additionally alleged that the defendants had engaged in the fraudulent transfer of funds. *Id.* Mr. Wong did not appear for trial. Dkt. No. 4-1, Ex. 1. The state trial court entered a net judgment against Mr. Wong, Mr. Wang, and the corporate entities in the amount of

$265,725.96. *Id*. The state court, noting that Plaintiffs' motion for attorneys' fees was not opposed by Mr. Wang or Mr. Wong, awarded costs of $10,832.39 and attorneys' fees and expenses of $1,357,717.50 to Plaintiffs. *Id.*

Mr. Wong subsequently filed for bankruptcy, and Plaintiffs filed an adversary complaint in the bankruptcy proceeding alleging that the state court judgment debt was non-dischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(6). Dkt. No. 4-1. Plaintiffs moved for summary judgment on both statutory exceptions. On June 6, 2016 the bankruptcy court granted Plaintiffs' motion in part, finding that, based on the preclusive effect of the state court's judgment, "liability arising from the state court fraudulent transfer claims" was non-dischargeable, but the amount in damages related to those claims could not be determined as a matter of law. Dkt. No. 4-3 ("Summary Judgment Order") at 17–18. The bankruptcy court denied Plaintiff's motion for summary judgment with respect to Defendant's liability arising from the prevailing wage claims under section 523(a)(2)(a) and under 523(a)(6). *Id*. Plaintiffs filed a motion for reconsideration of the bankruptcy court's summary judgment order, contending that the bankruptcy court committed clear error in ruling that the state court judgment against Mr. Wong did not have preclusive effect. Dkt. No. 4-4. On August 3, 2016, the bankruptcy court denied the motion for reconsideration. *Id.* On June 5, 2017 the bankruptcy court issued judgment in Mr. Wong's favor on all claims, holding that the state court judgment was entirely dischargeable. Dkt. No. 4-20 at 10–13.

## II. STANDARD OF REVIEW

A district court reviews a bankruptcy court's decision by applying the same standard of review used by circuit courts when reviewing district court decisions. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001). Plaintiff-Appellants do not challenge the bankruptcy court's fact-finding, *see* Dkt. No. 6 at 6–7, so all issues of law presented on appeal are reviewed de novo.

## III. LEGAL STANDARDS

### A. Issue Preclusion

Issue preclusion bars a party from re-litigating an issue necessarily decided in a prior, valid

and final judgment. *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002) (citing *Arizona v. California*, 530 U.S. 392, 395 (2000)). The Supreme Court has confirmed that the doctrine applies to dischargeability proceedings under section 523(a). *Id.* (citing *Grogan v. Garner*, 498 U.S. 279, 284 (1991)). Under the principles of "full faith and credit," federal courts give prior state-court judgments the same preclusive effect that they have under state law. *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1123 (9th Cir. 2003) (citing 28 U.S.C. § 1738).

Under California law, issue preclusion applies only if five threshold requirements are met:

> (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding."
> (2) "this issue must have been actually litigated in the former proceeding."
> (3) "it must have been necessarily decided in the former proceeding."
> (4) "the decision in the former proceeding must be final and on the merits."
> (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding."

*Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 795 P.2d 1223 (1990).

### B. Section 523(a)(2) Dischargeability

Section 523(a)(2)(A) renders non-dischargeable any debt: "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C.A. § 523(a)(2). "The creditor bears the burden of proving the applicability of § 523(a)(2)(A) by a preponderance of the evidence." *In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010). "In order to avoid unjustifiably impairing a debtor's fresh start . . . the exception should be construed strictly against creditors and in favor of debtors." *Id.* (internal quotation marks omitted).

### C. Section 523(a)(6) Dischargeability

Section 523(a)(6) renders non-dischargeable any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The "willfulness" and "maliciousness" prongs are distinct and analyzed separately. *In re Su*, 290 F.3d 1140, 1147 (9th Cir. 2002) (remanding where bankruptcy court failed to independently analyze the

two prongs). Accordingly, to fall within this exception to discharge, the debtor must have acted both willfully and maliciously. *Id.* An injury is "willful" under § 523(a)(6) if the debtor intends the consequences of his action. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). "Willful" indicates "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Id.* The focus is on the debtor's state of mind at the time the injurious action is taken: either the debtor must have the subjective intent to cause harm, or have the subjective belief (*i.e.*, actual knowledge) that harm is substantially certain. *In re Su*, 290 F.3d at 1142, 1145–46. Subjective intent or substantial certainty may be inferred from all of the facts and circumstances established. *In re Jacks*, 266 B.R. 728, 742 (9th Cir. BAP 2001); *see also In re Su*, 290 F.3d at 1146 n.6 ("[T]he bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action.").

The "maliciousness" prong, on the other hand, requires proof of "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Jercich*, 238 F.3d 1202, 1209 (9th Cir. 2001). "[I]t is the wrongful act that must be committed intentionally rather than the injury itself." *In re Sicroff*, 401 F.3d 1101, 1106 (9th Cir. 2005).

## IV. DISCUSSION

Plaintiff-Appellants contend that the bankruptcy court erred in finding that no portion of the state court judgment against Mr. Wong was non-dischargeable because: (1) the bankruptcy court's summary judgment ruling that the state court judgment was issue preclusive under section 523(a)(2)(A) as to the fraudulent transfer claims necessarily renders the entire state court judgment non-dischargeable; and (2) the bankruptcy court erred in finding that the state-court judgment was not issue preclusive under section 523(a)(6). Dkt. No. 6 at 1–2. The Court addresses each argument in turn.

### A. Section 523(a)(2)(A) Non-dischargeability

The bankruptcy court found in its summary judgment order that the state court's judgment that Mr. Wong had fraudulently transferred assets was issue preclusive and rendered Mr. Wong's liability for those claims non-dischargeable under section 523(a)(2)(A). Summary Judgment

4

Order at 13–17. The Court finds no error in the bankruptcy court's ruling, and affirms the finding that the state court judgment is issue preclusive under section 523(a)(2)(A) as to the fraudulent transfer claims. *See id.*

Plaintiff-Appellants contend that, as a result of the state court's fraudulent transfer ruling, the entire state court judgment is "liability arising from fraud," and therefore non-dischargeable under section 523(a)(2)(A).[1] Dkt. No. 6 at 13–16. Plaintiff-Appellants cite to *Cohen v. de la Cruz*, 523 U.S. 213 (1998), and *Muegler v. Bening*, 413 F.3d 980 (9th Cir. 2005), for the proposition that any adverse fraud judgment renders the full amount of the judgment—even portions not traceable to fraud—non-dischargeable. Dkt. No. 6 at 13–15.

Neither case supports Plaintiff-Appellants' contention. *Cohen* addressed the question of whether treble damages and attorneys' fees all directly traceable to a fraud judgment were non-dischargeable under 523(a)(2)(A). *Cohen*, 523 U.S. at 221. *Cohen* held that section 523(a)(2)(A) "prevents discharge of 'any debt' respecting 'money, property, services, or ... credit' that the debtor has fraudulently obtained, including treble damages *assessed on account of the fraud*." *Id.* at 218 (emphasis added). In so ruling, the "Supreme Court did not open the door for damages *not* arising from fraud to be excepted from discharge." *In re Sabban*, 384 B.R. 1, 7 (B.A.P. 9th Cir. 2008), *aff'd in part*, 600 F.3d 1219 (9th Cir. 2010).

*Meugler*'s holding does not disturb this principle. *Muegler* held only that a debt may be found to be non-dischargeable under section 523(a)(2)(A) even if the debtor never obtained any actual benefit from the fraud, a principle not at issue in this case. *Muegler*, 413 F.3d at 983–84.

In finding the fraudulent transfer liability non-dischargeable, the bankruptcy court correctly noted that:

> Under California law, this liability is determined by the value of the assets transferred. Cal. Civ. Code § 3439.08(b)(1). [Plaintiff-Appellants] did not submit any evidence regarding the value of the

---

[1] Plaintiff-Appellants raise this argument for the first time on appeal. As a general rule, an appeals court may deem an argument waived on that basis. *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010). One exception to this rule is "when the issue is purely one of law and the necessary facts are fully developed." *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986). Out of an abundance of caution, the Court addresses the merits of Plaintiff-Appellants' newly-raised argument.

> fraudulently transferred assets or what portion of the damages determined by amended judgment relate to the transfer of such assets. Accordingly, the court finds and concludes that [Plaintiff-Appellants] have not met their burden on this issue and therefore rules in favor of Mr. Wong.

Dkt. No. 4-20 at 10. The bankruptcy court correctly placed the burden of proving the liability amount traceable to fraud on Plaintiff-Appellants. *In re Sabban*, 600 F.3d at 1222. When a damages award is "made under a statute that is not premised on either fraud or actual harm, it is not a debt for money obtained by fraud within the meaning of 11 U.S.C. § 523(a)(2)(A)." *Id.* at 1224. The state court judgment awarded damages and attorneys' fees for "unpaid wages and liquidated damages." Dkt. No. 4-1 at Amended Judgment. The bankruptcy court found that the unpaid wages claims alone—which have no issue-preclusive effect under section 523(a)(2)(A)—can independently support all of the damages and attorneys' fees awarded by the state court. Summary Judgment Order at 15. The Court finds no error in this analysis, or in the conclusion that "the evidence as it stands does not permit the [bankruptcy court] to preclusively establish the damages related to the fraudulent transfer claims," such that the court "[could] not find the entirety of the judgment nondischargeable." *Id.* at 15–16.

### B. Section 523(a)(6) Non-dischargeability

Plaintiff-Appellants' appeal raises identical section 523(a)(6) issues as were raised in their motion for reconsideration. *Compare* Case No. 15-31548-HLB, Adv. Proc. No. 16-03002, Dkt. No. 19-1, Bankr. N.D. Cal., June 20, 2016 *and* Dkt. No. 4-4 *with* Dkt. No. 6 at 17–22. The Court has reviewed the bankruptcy court's memorandum denying the motion to reconsider, finds no error, and adopts the findings and reasoning of the bankruptcy court. *See* Dkt. No. 4-4 at 7–12.

## V. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the bankruptcy court's decision in favor of Mr. Wong. The Clerk of the Court is instructed to close the file.

**IT IS SO ORDERED.**

Dated: 12/17/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge